UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF FLORIDA
CASE NO.:

LENNIS HOLMES,

    Plaintiff,

v.

PRECAST WALL SYSTEMS, INC.
a Florida Profit Corporation,

    Defendant.
_____/

# COMPLAINT

Plaintiff, LENNIS HOLMES ("HOLMES" or Plaintiff), by and through his undersigned counsel, hereby files this Complaint against Defendant, PRECAST WALL SYSTEMS, INC. (hereinafter "PWS" or "Defendant") and says:

## JURISDICTION AND VENUE

1.    This action is brought against Defendant for its unlawful employment practices pursuant to the Title VII of the Civil Rights Act of 1964 ("Title VII"), § 706(f) (42 U.S.C. § 2000e-5(f)), which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C. §§ 2000e, *et seq.*, the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat and the Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. §12101 *et seq*.

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the

1

actions which give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Broward County, Florida, over the age of 18 years and otherwise *suis juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a foreman.

6. Plaintiff is an African-American male who experienced disparate treatment, hostile work environment, and retaliation on the basis of his race and disability. Plaintiff is therefore a member of a class protected under the ADAAA, Title VII and the FCRA because the terms, conditions, and privileges of his employment were altered because of his race and disability.

7. Defendant is a Florida Profit Corporation registered to do business within Florida, with its principal place of business in Pompano Beach, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations ("FCHR") pursuant to the work-sharing agreement between the EEOC and the FCHR.

10. Plaintiff filed his charge on or about February 1, 2022, which was no more than 300 days after the last discriminatory event occurred, to wit: November 19, 2021.

11. Plaintiff was issued a Notice of Suit Rights on May 17, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS

12. Plaintiff, an African-American male, worked for Defendant as a foreman from 2003 until his termination on November 19, 2021.

13. In approximately August 2021, Plaintiff injured his back on the job installing concrete walls for Defendant.

14. Plaintiff sought treatment for his work injury.

15. As a result of his workplace injury, Plaintiff's doctor gave Plaintiff a 25 pound lifting restriction.

16. Plaintiff provided the doctor's note containing the lifting restriction to Defendant.

17. Defendant ignored Plaintiff's doctor's note and failed to accommodate Plaintiff's weight lifting restriction.

18. Due to Defendant's failure to accommodate Plaintiff's lifting restriction, Plaintiff's back injury continued to get worse.

19. On or about November 11, 2021, Plaintiff informed Defendant via text message that he was unable to come into work due to his back injury.

20. Defendant instructed Plaintiff to take off that Thursday and Friday, November 11 and 12, 2021, following Plaintiff's text message.

21. When Plaintiff returned to work the following Monday, November 15, 2021, he was suspended for one week without pay for calling off from work.

22. Before Plaintiff's suspension was over, he was terminated on November 19, 2021 for missing work on November 11 and 12, 2021 despite Defendant instructing Plaintiff to stay home on those days.

23. Defendant terminated Plaintiff for missing two days of work but did not terminate similarly situated Caucasian and/or non-disabled employees for missing work even when they no call/no showed and/or committed more serious transgressions such as making threats at the work place with a weapon.

24. Prior to Plaintiff's termination he was never reprimanded for any performance or attendance issues in his many years of employment with Defendant.

25. Even if Defendant had legitimate, non-discriminatory reasons for its actions, Plaintiff's race and disability were, at minimum, a motivating factor in Defendant's disparate treatment of Plaintiff including but not limited to Defendant's decision to terminate Plaintiff [1].

26. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to reasonable attorneys' fees and costs if he is the prevailing party in this action.

### COUNT I: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON RACE)

28. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

29. Plaintiff brings this action under Title VII for damages caused by Defendant's disparate treatment of Plaintiff on the basis of race.

---

[1] Plaintiff explicitly reserves the right to argue a mixed-motive theory applies to all counts contained herein.

30. Plaintiff is a member of a protected class, to wit, African American/black.

31. Plaintiff experienced discriminatory treatment due to his race.

32. Defendant treated Plaintiff less favorably than Plaintiff's non-African-American co-workers. Specifically, Defendant terminated Plaintiff when he requested time off due to a work injury but did not terminate Caucasian employees even when they no call/no showed and committed more severe transgressions.

33. Due to the disparate treatment inflicted on Plaintiff on the basis of his race, Plaintiff was terminated.

34. Defendant's reasons for Plaintiff's termination were pretextual.

35. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race was, at minimum, a motivating factor in Defendant's adverse employment decisions.

36. Defendant acted with intentional disregard for Plaintiff's rights as an African American protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of is owners, supervisors and/or other employees.

37. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g) as a direct result of Defendant's discriminatory actions.

38. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LENNIS HOLMES requests that:

    a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Title VII;

    b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RETALIATION)

39. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

40. Plaintiff brings this action for retaliation in violation of Title VII.

41. Plaintiff experienced discriminatory treatment because Plaintiff is African American.

42. Plaintiff complained about the discriminatory treatment due to his raise.

43. As a result of Plaintiff's complaints, Defendant terminated Plaintiff for missing two days of work.

44. Defendant's reasons for Plaintiff's termination were pretextual.

45. Plaintiff's termination constitutes an adverse employment actions under Title VII.

46.     Defendant's actions were done with malice, and with disregard for Plaintiff's rights under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisor, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LENNIS HOLMES requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT III: VIOLATION OF FCRA**
**(DISCRIMINATION BASED ON RACE)**

47.     Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

48.     Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Fla. Stats. § 760.01 *et seq.*, for damages caused by Defendant's disparate treatment of Plaintiff.

49. Plaintiff is a member of a protected class, to wit, African American/black.

50. Plaintiff experienced discriminatory treatment due to his race.

51. Defendant treated Plaintiff less favorably than Plaintiff's non-African-American co-workers. Specifically, Defendant terminated Plaintiff when he requested time off due to a work injury but did not terminate Caucasian employees even when they no call/no showed and committed more severe transgressions.

52. Due to the disparate treatment inflicted on Plaintiff on the basis of his race, Plaintiff was terminated.

53. Defendant's reasons for Plaintiff's termination were pretextual.

54. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race was, at minimum, a motivating factor in Defendant's adverse employment decisions.

55. Even if Defendant had a legitimate, non-discriminatory reasons, Plaintiff's race was, at minimum, a motivating factor in Defendant's adverse employment decisions.

56. Defendant acted with intentional disregard for Plaintiff's rights as an African American protected under Title VII. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Althoff, and/or other employees.

57. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of FCRA.

58. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LENNIS HOLMES requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT IV: VIOLATION OF FCRA**
**(RETALIATION)**

59. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

60. Plaintiff brings this action for retaliation in violation of FCRA.

61. Plaintiff experienced discriminatory treatment because Plaintiff is African American.

62. Plaintiff complained about the discriminatory treatment due to his race.

63. As a result of Plaintiff's complaints, terminated Plaintiff for missing two days of work.

64. Defendant's reasons for Plaintiff's termination were pretextual.

65. Plaintiff's termination constitutes an adverse employment actions under FCRA.

66. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its owner, supervisors, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LENNIS HOLMES requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

c. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

d. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT V: DISABILITY DISCRIMINATION (ADA AND ADAAA)**

67. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

68. Plaintiff is person with a disability as that term is defined under the ADAAA in that he suffered a workplace injury to his back which substantially limited his ability to perform

at least one major life function, to wit: standing, sitting, bending, lifting items over 25 pounds, etc.

69. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a foreman, with the proposed reasonable accommodation of restricting his weight lifting limit to 25 pounds.

70. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

71. Plaintiff was able to perform the essential functions with the accommodation of restricting his weight lifting limit to 25 pounds.

72. The requested accommodation of restricting his weight lifting limit to 25 pounds would not have caused an undue burden to Defendant.

73. Title I of the ADAAA prohibits employers from taking adverse employment action against an employee as a result of his actual disability or record of disability and further requires employers to reasonably accommodate the actual or recorded disabilities.

74. Defendant discriminated against Plaintiff by failing to accommodate and terminating Plaintiff due to his disability.

75. Had Plaintiff not been disabled and able to come into work on November 11 and 12, 2021, he would not have suffered these adverse employment actions.

76. Defendant's basis for terminating Plaintiff, if any, are pretextual. Had Defendant properly accommodated Plaintiff, Plaintiff could have performed the essential functions of his position.

77. Even if Defendant could assert legitimate reasons for its decision to terminate Plaintiff, Plaintiff's disability was, at minimum, a motivating factor[2] in Defendant's decision to terminate her employment.

78. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands compensation for her back wages, front pay, compensatory and punitive damages, and any other remuneration permitted under the law.

79. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff LENNIS HOLMES requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

## COUNT VI: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

80. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

81. Plaintiff is person with a disability as that term is defined under the ADAAA in that that he suffered a workplace injury to his back which substantially limited his ability to perform at least one major life function, to wit: standing, sitting, bending, lifting items over 25 pounds, etc.

---

[2] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to his claims.

82. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a foreman, with the proposed reasonable accommodation of restricting his weight lifting limit to 25 pounds.

83. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

84. Plaintiff was able to perform the essential functions with the accommodation of restricting his weight lifting limit to 25 pounds.

85. Plaintiff requested the reasonable accommodation of working within his 25 pound weight lifting restriction by providing a doctor's note with the restriction to Defendant, which Defendant ignored.

86. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

87. Instead of allowing Plaintiff to work within his lifting restrictions, Plaintiff's working conditions caused his injury to get worse.

88. Plaintiff's request for accommodation was reasonable and would not have caused Defendant undue hardship.

89. Because Defendant did not accommodate Plaintiff, Plaintiff's injury got worse causing him to need two days off from work which ultimately led to his termination.

90. As a result of Defendant's actions, Plaintiff has suffered damages by way of lost wages and benefits, attorney's fees, etc.

WHEREFORE, Plaintiff LENNIS HOLMES requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) punitive damages;

d) attorney's fees and costs; and

e) any other award this Court deems necessary.

### COUNT VII: VIOLATION OF THE ADA AND ADAAA
### (RETALIATION)

91. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

92. Plaintiff brings this action for retaliation in violation of the ADA and ADAAA.

93. Plaintiff experienced discriminatory treatment by Defendant due to his disability.

94. Plaintiff complained about the disparate treatment due to his disability.

95. As a result of Plaintiff's complaints, Plaintiff was terminated on or about November 19, 2021.

96. Plaintiff was advised that he was terminated as a result of missing two days of work, which was pretextual.

97. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAAA.

98. Defendant's actions were done with malice, and with disregard for Plaintiff's rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LENNIS HOLMES requests that:

e. The Court grant Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's

    discriminatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA;

    f. The Court require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had if Plaintiff had not been discriminated against by Defendant; or, in lieu of reinstatement, award front pay;

    g. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and

    h. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT VIII: HANDICAP/DISABILTY DISCRIMINATION (FCRA)

99. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

100. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer:
> (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

101. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability and/or record of having such handicap(s)/disability/disabilities.

102. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, his termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities, which substantially

limited her in one or more major life activities, and/or Plaintiff's record of having such handicap(s)/disability/disabilities.

103. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination.

104. There was no valid, legal reason for Plaintiff's termination.

105. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which it could not, Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap/disability/disabilities were, at minimum, motivating factors[3] for Defendant's termination of Plaintiff's employment.

106. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

107. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff LENNIS HOLMES requests judgment as follows:

a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;

b) compensatory damages;

c) attorney's fees and costs; and

d) any other award this Court deems necessary.

---

[3] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to his claims.

## COUNT IX: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

108. Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

109. Section 760.10 of the FCRA states in relevant part:

>   (1) it is unlawful employment practice for an employer:
>      (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

110. The FCRA accordingly requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

111. Plaintiff requested the reasonable accommodation of restricting his weight lifting limit to 25 pounds, which Defendant ignored.

112. Instead of allowing Plaintiff to work with a 25 pounds weight lifting restriction, Plaintiff's working conditions caused his injury to get worse.

113. Plaintiff's request for accommodation was reasonable and would not have caused Defendant undue hardship.

114. Because Defendant did not accommodate Plaintiff, Plaintiff's injury got worse and ultimately led to Plaintiff's termination.

115. Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual handicap(s)/disability/disabilities.

116. Defendant failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination.

117. Defendant's reason(s) for denying Plaintiff's requests, if any, are pretextual.

118.  Even if Defendant could assert legitimate reasons for its failure to accommodate Plaintiff, Plaintiff's disability and/or record of having such handicap/disability/disabilities were, at minimum, motivating factors[4] for Defendant's failure to accommodate.

119.  As a result of Defendant's failure/refusal to accommodate Plaintiff, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost wages, back pay, interest, front pay (or reinstatement), the value and/or economic impact of lost benefits/seniority, and compensatory damages.

120.  Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff LENNIS HOLMES requests judgment as follows:

   a) an award of economic damages including lost wages, back pay, interest, front pay, and the value and/or economic impact of lost benefits;
   b) compensatory damages;
   c) punitive damages;
   d) attorney's fees and costs; and
   e) any other award this Court deems necessary.

### COUNT X: VIOLATION OF FCRA (RETALIATION)

121.  Plaintiff re-alleges and re-avers paragraphs 1 – 27 as fully set forth herein.

122.  Plaintiff brings this claim for retaliation in violation of FCRA.

123.  Plaintiff had been experiencing discriminatory treatment by Defendant due to his disability.

---

[4] Plaintiff explicitly reserves the right to argue a mixed-motive standard of review applies to his claims.

124. Plaintiff complained about the disparate treatment he endured due to his disability to Defendant.

125. As a result of Plaintiff's complaints, Defendant terminated Plaintiff on or about November 19, 2021.

126. Plaintiff was advised that he was terminated due to missing two days of work, which was pretextual.

127. Plaintiff's termination constitutes an adverse employment action under FCRA.

128. Defendant's actions were done with malice, and with disregard for Plaintiff's rights protected under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff LENNIS HOLMES requests that:

a. The Court grant Plaintiff judgment against Defendant to compensate his for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action, together with his reasonable attorneys' fees incurred herein, pursuant to the applicable statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff LENNIS HOLMES hereby demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 29, 2022

                                              LAW OFFICES OF CHARLES EISS, P.L.
                                              Attorneys for Plaintiff
                                              7951 SW 6th Street, Suite 112
                                              Plantation, Florida 33324
                                              (954) 914-7890 (Office)
                                              (855) 423-5298 (Facsimile)

                             By:    /s/ Charles M. Eiss
                                              CHARLES M. EISS, Esq.
                                              Fla. Bar #612073
                                              chuck@icelawfirm.com
                                              SHANNA WALL, Esq.
                                              Fla. Bar #0051672
                                              shanna@icelawfirm.com